UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEROME CUMMINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:09-CV-1770 NAB |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Amended Petition for Writ of Habeas Corpus filed by Gerome Cummins ("Cummins") pursuant to 28 U.S.C. § 2254. [Doc. 4]. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. [Doc. 13]. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 22].

**I.   BACKGROUND**

Cummins pled guilty to Assault in the First Degree and Armed Criminal Action for stabbing the manager of a CD store, Allan Karniski, after he witnessed Cummins stealing CDs. (Resp't. Ex. C. at 67-71.)  When Cummings appeared for sentencing, he attempted to withdraw his guilty plea. *Id*. at 73-78.  The trial court denied Cummins' motion to withdraw his plea and sentenced him to eighteen years for both the Assault in the First Degree and Armed Criminal Action with the sentences to run concurrently. *Id*. at 78.  Cummins subsequently filed a motion for post-conviction relief, pursuant to Mo. Sup. Ct. R. 24.035, alleging ineffective assistance of counsel, which the trial court denied. *Id*. at 29-33, 50-58.  The Missouri Court of Appeals

1

affirmed the trial court's denial of Cummins' post-conviction motion.  (Resp't. Ex. D.) Cummins now appeals that decision to this court.

In his Amended Petition for a Writ of Habeas Corpus, Cummins raises two grounds for relief.  First, Cummins alleges that he received ineffective assistance of counsel because his trial court attorneys misled him, which resulted in the entry of his guilty plea.  Second, Cummins alleges that he received ineffective assistance of counsel because his attorneys failed to fully investigate his mental state before entry of his guilty plea.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997).  In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2).

Under § 2254(d)(1), "the phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision" ).  To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably.

2

*Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000) (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. *Williams,* 529 U.S. at 411. "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry*, 532 U.S. at 792-93 (citing *Williams*, 529 U.S. at 410-11).

Additionally, § 2254(d)(2) provides a habeas remedy where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). For purposes of a habeas proceeding, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not

3

enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(d)(2), (e)(1); s*ee also Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004).

### III.     STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law." *Id.* at 694.

Finally, a court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the respondent as a result of the alleged deficiencies." *Id.* "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

**IV.     DISCUSSION**

    **A.     Ground 1 – Coercion to Plead Guilty**

For the first ground for relief, Cummins claims that he received ineffective assistance of counsel because his attorneys coerced him into pleading guilty. Cummins contends that his attorneys misled him into believing that he would be convicted of two life sentences if he did not plead guilty. Respondent asserts that Cummins' claim of ineffective assistance of counsel regarding Ground 1 lacks merit and should be denied. The Court agrees.

The Missouri Court of Appeals found that Cummins did not establish ineffective assistance of counsel on this point, because Cummins' allegation that he was coerced into pleading guilty was refuted by the record. (Resp't Ex. D. at 4.) The court noted the record showed Cummins was informed of the full range of punishment by the trial court. *Id*. at 3. At the plea hearing, Cummins acknowledged that he understood the full range of punishment and that the trial court would make its own independent decision regarding his sentence. *Id.* Furthermore, the court noted that Cummins admitted that no one made any promises to him regarding his sentence and that he pled guilty voluntarily. *Id*. at 3-4. Because the court concluded that Cummins' allegations were refuted by the record, it denied his claim.

5

Based on the record and the state court's final decision in this matter, the Court finds that Cummins has failed to satisfy either prong of the *Strickland* test. First, Cummins cannot overcome the presumption of the effective assistance of counsel because his attorneys' statement to him that he could receive two life sentences was not outside the range of professionally competent assistance. *Strickland*, 466 U.S. at 690. The Court finds that such a statement by his attorneys is not misleading as two life sentences were in the range of punishment for his offenses. (Resp't Ex. C. at 68.) Further, the trial court informed Cummins of the full range of punishment and the additional factor of judicial discretion at sentencing. *Id.* at 68, 70. Cummins confirmed that he understood he could conceivably get two consecutive life sentences. *Id*. at 68. Also, Cummins confirmed at the plea hearing that his attorneys fully advised him of the possible consequences of pleading guilty. *Id.* at 69. Finally, Cummins confirmed no one made any promises to him regarding his sentence, threatened, or intimidated him and that he pled guilty voluntarily. *Id.* at 70. *See Bramlett v. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989) (Petitioner unable to show coercion to plead guilty and ineffective assistance of counsel where he indicated at his plea hearing he received no promises as to what his sentence might be).

The evidence expected to be presented at trial included the testimony of the victim and a witness who allegedly saw the assault on the victim. (Resp't Ex. C. at 68.) Another witness tackled Petitioner and held him until police arrived on the scene. *Id.* at 68. Further, the State was expected to present evidence that the victim suffered a punctured lung and had to endure exploratory surgery so doctors could examine his other organs. *Id.* Based on the severity of the offense and the evidence that would have been presented by the State, it was not unreasonable for Cummins' attorneys to advise that a judge at trial would impose a stiffer sentence than if Cummins pled guilty. Therefore, it was "sound trial strategy" for them to counsel Cummins

6

against going to trial.  Consequently, Cummins cannot show that his trial counsels' performances fell below an objective standard of reasonableness.

Second, Cummins cannot establish prejudice, because it is unlikely the Missouri courts would have overturned his conviction on this basis.  The appeals court considered Cummins' ineffective assistance of counsel claim and affirmed the trial court's denial of it.  (Resp't Ex. D. Mem. at 3-4.)  The appeals court specifically stated that Cummins' claim was "conclusively" refuted by the record.  *Id.* at 4.  The record shows that the State's evidence against Cummins was strong.  (Resp't Ex. C. at 68.)  Cummins also stated that he was not claiming he was innocent or that he should have received a lesser sentence than the one imposed.  *Id*. at 77.  Therefore, Cummins has failed to establish that the result of the proceeding would have been different but for his attorneys' actions.  *See Strickland* at 694.

Because Cummins cannot show that the performance of his trial counsel fell below an objective standard of reasonableness and that his defense was prejudiced by it, he cannot demonstrate ineffective assistance of counsel.  Accordingly, the court finds that Ground 1 is without merit.

   **B.**  **Ground 2 – Investigation of Mental Competency**

For Ground 2, Cummins asserts that he received ineffective assistance of counsel because his attorney failed to fully investigate his mental state before his guilty plea.  Respondent contends that Cummins' claim of ineffective assistance of counsel regarding Ground 2 lacks merit and should be denied.  The Court agrees.

Absent some contrary indication, both state and federal trial judges may presume a defendant to be competent.  *Branscomb v. Norris*, 47 F.3d 258, 261 (8th Cir.1995).  A defendant is considered competent if he has "the capacity to understand the nature and object of the

7

proceedings against him, to consult with counsel, and to assist in preparing his defense." *Lyons v. Luebbers*, 403 F.3d 585, 592-93 (8th Cir. 2005).  When evaluating a defendant's competence, trial courts must consider (1) evidence of irrational behavior by the accused, (2) the accused's demeanor, and (3) any prior medical opinion as to the mental competency of the accused to stand trial." *Id.* at 593.  Because competence to stand trial is a factual issue, the state court's finding of competence is generally presumed to be correct.  *Id.* (citing *Reynolds v. Norris*, 86 F.3d 796, 800 (8th Cir. 1996)).

Cummings argues that his counsel was ineffective in that they did not fully investigate his mental state at the time he entered his guilty plea.  Specifically, he alleges that he was suicidal throughout the pending stages of his case and that his history of mental illness was never fully taken into account.  [Doc. 4].  The appeals court considered Cummins' claim and found it did not establish ineffective assistance of counsel.  The court noted that Cummins received a psychiatric examination prior to his plea.  (Resp't. Ex. D. at 4.)  The court considered that at the plea proceedings Cummins' attorneys stated he was able to communicate with them.  *Id*.  In addition, at the time of the plea, Cummins stated that he was able to communicate while medicated and that he had no difficulty understanding the proceedings surrounding his guilty plea.  *Id*.  The appeals court noted that the record revealed nothing in Cummins' demeanor, mannerisms, or responses that would raise suspicion that he was incompetent to plead guilty.  *Id*. at 5.  Because the court concluded the record refuted Cummins' claim that the voluntariness of his plea was affected by his mental state at the time of the plea hearing, it denied his claim.  *Id*.

After reviewing the record, this Court finds that Cummins has failed to satisfy either prong of the *Strickland* test regarding his attorneys' investigation of his mental state.  First, Cummins cannot overcome the presumption of effective counsel, because the record shows that

he was evaluated by a state psychologist prior to his guilty plea.  *See* Resp't Ex. C at 36-49.  The state psychologist diagnosed Cummins with Adjustment Disorder with Mixed Anxiety and Depressed Mood and Personality Disorder with Antisocial and Narcissistic Features.  *Id.* at 46.  The state psychologist determined, however, that Cummins did not, as a result of mental disease or defect, lack capacity to understand the proceedings against him or to assist in his own defense.  *Id.* at 46-49.  At the hearing where Cummins pled guilty, his attorneys stated that Cummins was "able to communicate with [them] to the extent that he [understood the judge's functions, the attorneys' function, and] the prosecutor's function" and, while Cummins didn't "remember very much related to the incident, he [was] aware of what the charge [was]."  (Resp't. Ex. C at 67.)  Cummins' attorney also stated that Cummins' medications "facilitate[d] his understanding and [ability] to discuss this case" with them.  *Id.*  As a basis for this knowledge, they noted Cummins spoke with them at least once while not medicated and communication then had been more difficult.  *Id.*  Cummins agreed that his attorneys' assessments were correct and he was able to communicate when he is on his medication.  *Id* at 67.  At sentencing, Cummins contradicted his earlier statements by claiming he was not medicated, and thus not competent, when he pled guilty.  *Id*. at 74.  His attorneys stated that the 28-30 hours they spent with him prior to his guilty plea led them to conclude he was rational.  *Id*. at 75.  At the sentencing, the trial judge also noted Cummins appeared "completely lucid" at the plea hearing and seemed "the same… now as [he] did then."  *Id*. at 74.  Cummins denied being lucid at the plea hearing but offered no evidence beyond saying that if the judge knew him, he would be able to "see a clear difference" in his demeanor.  *Id*.

The petitioner in *Vogt v. U.S.* raised a similar claim, alleging that his attorneys failed to adequately investigate his competence despite their awareness of his history of mental illness.

9

88 F.3d 587, 591 (8th Cir. 1996). However, the court concluded the defendant's attorneys made a reasonable investigation of his mental condition. *Id*. at 592. There, the attorneys had a psychologist consult with the defendant. *Id*. Similarly, here, Cummins was seen by a psychologist. In *Vogt*, the defendant's attorneys worked extensively with him pretrial, observed his demeanor at court, and saw nothing that made them question his competence. *Id*. Likewise, Cummins' attorneys worked extensively with him pretrial, observed his demeanor at court, and saw nothing that made them question his competence. Furthermore, in *Vogt*, the attorneys' description of the defendant's behavior and demeanor at court was corroborated by the trial judge and others, who testified that he appeared to be rational, alert, and acting appropriately. *Id*. Similarly, here, Cummins' attorneys' assessments were supported by the trial judge's observation that Cummins appeared "completely lucid" at the plea and sentencing hearings. Therefore, like in *Vogt*, Cummins' attorneys investigation into his mental state was reasonable.

The Court concludes that Cummins was able to consult with his attorneys, understood the proceedings against him, and demonstrated nothing in his demeanor or behavior to indicate he was not competent to plead guilty. Furthermore, a psychological evaluation showed no mental deficiency that bore on his competence. As a result, Cummins has not shown that his attorneys' investigation into his mental state fell below *Strickland's* objective standard of reasonableness.

Second, Cummins also fails to show how he was prejudiced by his attorneys' actions. His attorneys presented his history of mental illness as a mitigating circumstance at sentencing. (Resp't. Ex. C at 76.) The trial judge said he had some "sympathy" for Cummins and would consider his mental health problems. *Id*. at 76. Moreover, Cummins stated at his sentencing that he was not looking to be found innocent or stating that he should necessarily receive a lesser sentence. *Id.* at 77. Based on these considerations and the range of punishment for the offenses,

10

the 18-year sentence imposed was reasonable and an appellate court would be unlikely to overturn it on this basis. *Id.* at 77; 78. Consequently, Cummins has not demonstrated that but for his attorneys' actions, the outcome of his case would have been different. *See Strickland* at 694.

Because Cummins cannot show that his attorneys' investigation of his mental illness fell below an objective standard of reasonableness and that he was prejudiced by it, he cannot demonstrate ineffective assistance of counsel. Accordingly, the court finds that Ground 2 is without merit.

## V. CONCLUSION

For the reasons set forth above, the Court finds that Grounds 1 and 2 of the Amended Petition for Writ of Habeas Corpus are without merit and the relief requested in the Amended Petition will be denied. The Court further finds the grounds asserted by Cummins do not give rise to any issues of constitutional magnitude. Because Cummins has made no showing of a denial of a constitutional right, Cummins will not be granted a certificate of appealability in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 4.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Gerome Cummins for a Certificate of Appealability will be **DENIED**.

Dated this 7th day of December, 2012.

                                                    /s/ Nannette A. Baker
                                         NANNETTE A. BAKER
                                         UNITED STATES MAGISTRATE JUDGE